UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00244-MOC

| | | |
|---|---|---|
| **LUTHER JENKINS, IV,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's *pro se* motion captioned "Rule 60(a) of the Federal Rule of Civil Procedure: to Correct a Mistake of Oversight Regarding Issuance of Order" (#9). For cause, petitioner contends that he never received a copy of the court's December 12, 2012, Order denying his §2255 claim asserted under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). He asserts that his attorney did not send a copy of such Order to him and that he only became aware of the entry of the Order on January 22, 2013, when informed by a third party. Petitioner asks that the court reissue that Order because his "receipt of said [Order] is paramount to the proper administration of justice." Motion (#9) at 1.

While petitioner lists a number of reasons why he needs such relief, it appears from correspondence annexed to the motion that petitioner seeks reissuance of the Order so that he may timely file an appeal. Reissuance of an Order is a practice that has developed in criminal proceedings and is used to ameliorate the adverse impact of missteps of counsel in failing to notice a direct appeal from a criminal judgment. Such procedure is unnecessary in this action inasmuch as this is a *civil* case, and the deadline for filing a notice of appeal (where the

1

government is a party) runs 60 days from entry of the civil Order, not the 14 day appellate period applicable in criminal proceedings.  See Fed.R.App.P. 4(a)(1)(B).

In construing such motion as a motion for enlargement of time, the court has first considered whether such motion is timely.  Inasmuch as the Order (#6) and the Judgment (#7) from which petitioner seeks to appeal were entered December 12, 2012, petitioner's January 28, 2013, motion to enlarge was submitted to the court well before the deadline for filing a notice of appeal.[1]  Under Rule 4(a)(5)(A)(ii), "regardless of whether [petitioner's] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires," petitioner must show "excusable neglect or good cause."  Id.  Before reaching the issue of the underlying cause for the motion, the court's first is whether enlarging the time to appeal is appropriate where the court has determined that a certificate of appeal should not issue under Rule 11 of the Rules Governing Section 2255 Proceedings.  28 U.S.C. § 2253(c)(2).  While there appears to be little decisional guidance on the issue, Rule 22(b)(1), Fed.R.App.P., provides that where a petitioner files an appeal despite the district court denying issuance of a certificate of appealability, the petitioner may request that a circuit judge issue such certificate.  Id.  Even absent a specific request, the "notice of appeal constitutes a request [for issuance of a certificate] addressed to the judges of the court of appeals."  Fed.R.App.P. 22(b)(2).  Rule 22 suggests that this court denial of a certificate of appealability, while a formidable barrier to review, does not prevent a litigant from filing a notice of appeal, which can in-and-of itself be construed as a request for a circuit judge to issue the certificate.  Thus, a district court's denial of a certificate of appealability does not appear to prevent enlargement of the time to appeal.

---

[1]  Inasmuch petitioner is incarcerated, the court has used the date petitioner avers he delivered such motion to prison authorities for mailing as the date of filing.

2

The second concern is whether petitioner has shown excusable neglect or good cause for the proposed extension. The court finds that good cause has been shown as this court clearly failed to deliver the Order and Judgment to the *pro se* petitioner. Despite the Federal Defender entering a determination of ineligibility on December 11, 2012, and the court noting in the Order that petitioner was proceeding pro se,[2] the Clerk of Court did not update its docket to reflect termination of representation by the Federal Defender as of December 11, 2012. Indeed, on February 8, 2013, the docket reflects the Federal Defender is counsel of record and does not contain petitioner's address. Thus, in determining excusable neglect and good cause, petitioner has made the requisite showing as both he and his former counsel are not at fault.

The court will, therefore, enlarge the period for filing an appeal up to and including March 8, 2013, direct the Clerk of court to terminate representation by the Federal Defender *nunc pro tunc* to December 11, 2012, note petitioner is proceeding *pro se* and include his present address on the docket, and send petitioner a copy of the court's Order (#6) and Judgment (#11) in addition to this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's "Rule 60(a) of the Federal Rule of Civil Procedure: to Correct a Mistake of Oversight Regarding Issuance of Order" (#9) is **DEEMED** to be a Motion for Enlargement of the Time for Filing a Notice of Appeal, and such

---

[2] The court noted in its Order denying petitioner relief under Simmons, as follows: "Petitioner is advised that the FDO is not counsel of record. The FDO only becomes counsel of record if it is determined that a potentially meritorious claim has been or could be asserted." Order (#6), f.n. 1. The court included such note inasmuch the Federal Defender's appointment "terminate[s] upon a determination by appointed counsel that the defendant is not eligible for relief . . . ." In re Motions for Post-Conviction Relief Pursuant to Simmons, 3:12mc 92, at 1 (W.D.N.C. May 22, 2012).

Motion is **GRANTED** and petitioner shall have up to and inclusive of March 8, 2013, to file his Notice of Appeal.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate Ross Hall Richardson and Leah A. Kane as counsel of record, note that petitioner is proceeding *pro se* and include his mailing address as found at page 5 of his motion, and send a copy of this Order as well as the previous Order (#6) and Judgment (#7) to such address.

The Clerk of court shall also send copies of this Order to petitioner's former counsel as well as the United States Attorney, to the attention of AUSA Ray.

Signed: February 8, 2013

Max O. Cogburn Jr.
United States District Judge